IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23–MJ–1219–RJ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) ORDER ON PROBABLE CAUSE |
| | ) AND DETENTION |
| CURTIS LOGAN TATE, | ) |
| | ) |
| Defendant. | ) |

This matter came before the court for a preliminary examination regarding charges against Defendant contained in a criminal complaint and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142, to detain Defendant pending further proceedings. Defendant is charged with committing the following offenses on or about January 6, 2021, in the District of Columbia:

1. Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

2. Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

3. Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

4. Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

5. Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4);

6. Destruction of Government Property, in violation of 18 U.S.C. § 1361;

7. Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D); and

8. Engaging in an Act of Physical Violence in the Grounds or any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

Crim. Compl. [DE-1].

At the hearing the government presented the testimony of FBI Agent Jack Kane. Defendant presented the testimony of Ms. Joanne Lee, Clinical Director of The Healing Place Treatment Center of New Hanover County, and Mr. Neil Aho, a peer mentor at The Healing Place, as third-party custodians. The court has considered the hearing testimony, which the court finds corroborative of the affidavit in support of the complaint, as well as the pretrial services report, which was prepared by the Office of Pretrial Services and made available to the parties in advance of the hearing. The court finds Agent Kane's testimony credible and sufficient to establish probable cause to support the charges contained in the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings on the grounds that he represents a risk of nonappearance based on the following principal findings and reasons: (1) the nature and circumstances of the offenses charged and (2) the strength of the government's case; (3) Defendant's criminal history (including failures to appear); and (4) for reasons stated in open court. The court has considered the testimony of Defendant's proposed third-party custodians in support of release but finds this evidence outweighed by that in favor of detention.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 1st day of September 2023.

_____
Robert B. Jones, Jr.
United States Magistrate Judge